State Farm Mut. Auto. Ins. Co. v Lifeline Med. Imaging, P.C. (2025 NY Slip Op 02025)

State Farm Mut. Auto. Ins. Co. v Lifeline Med. Imaging, P.C.

2025 NY Slip Op 02025

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 815415/21|Appeal No. 4041|Case No. 2024-00540|

[*1]State Farm Mutual Automobile Insurance Company, et al., Plaintiffs-Respondents,
v
Lifeline Medical Imaging, P.C., Defendant-Appellant.

The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for appellant.
Goldeberg, Miller & Rubin, PC, New York (Harlan R. Schreiber of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 24, 2023, which granted the motion of plaintiffs State Farm Mutual Automobile Insurance Company, State Farm Indemnity Company, State Farm Guaranty Insurance Company, and State Farm Fire and Casualty Company (collectively State Farm) for summary judgment declaring that State Farm had no obligation to pay bills submitted by defendant Lifeline Medical Imaging, P.C., unanimously reversed, on the law, without costs, the motion denied, and the declaration vacated.
In this action, State Farm sought a declaration that it was not obligated to provide no-fault coverage for various claims submitted by Lifeline, a medical provider. According to State Farm, Lifeline failed to meet a condition precedent to coverage by failing to appear for duly scheduled examinations under oath (EUOs) and by refusing to produce an individual who could provide the information needed to verify Lifeline's claims. As a result, State Farm maintains, Lifeline's claim to no-fault benefits is foreclosed.
Supreme Court should have denied the motion as premature, as State Farm failed to offer Lifeline an objective justification for requesting the EUOs, as required by the governing no-fault regulations (see Country-Wide Ins. Co. v Alicea, 214 AD3d 530, 531 [1st Dept 2023]; Country-Wide Ins. Co. v Delacruz, 205 AD3d 473, 473 [1st Dept 2022]). The criteria by which State Farm decided that an EUO was required is essential for Lifeline to oppose State Farm's summary judgment motion, and those criteria are exclusively within the State Farm's knowledge and control (see Delacruz, 205 AD3d at 473, citing 11 NYCRR 65-3.5[e]). In addition, despite State Farm's assertion otherwise, it did not fully respond to Lifeline's discovery request for a copy of the objective standards relied upon when the EUO was scheduled (see Kemper Independence Ins. Co. v AB Med. Supply, Inc., 187 AD3d 671, 671 [1st Dept. 2020]; American Tr. Ins. Co. v Jaga Med. Servs., P.C., 128 AD3d 441, 441 [1st Dept 2015]; see also Ops Gen Counsel NY Ins Dept No. 02-10-14 [October 2002]; Ops Gen Counsel NY Ins Dept No. 06-12-16 [December 2006]).
Because State Farm's rationale for requesting the EUOs has yet to be determined, the issue of whether State Farm's no-coverage defense is subject to preclusion cannot yet be determined.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025